UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>SAINT VINCENTS CATHOLIC<br>MEDICAL CENTERS OF NEW YORK, *et al.*,[1] | Chapter 11<br><br>Case No. 05-14945 (CGM)<br><br>(Jointly Administered) |

**FINAL DECREE CLOSING THE CHAPTER 11 CASES**

Upon the motion (the "Motion")[2] of the above-captioned reorganized debtors ("SVCMC", and after the effective date of their chapter 11 plan, "Reorganized SVCMC") for the entry of a final decree (this "Final Decree") closing the Cases, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that Reorganized SVCMC's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

---

[1] In addition to Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers ("SVCMC"), the debtors in these cases were as follows: (i) Medical Service of St. Vincent's Hospital and Medical Center, P.C.; (ii) Surgical Service of St. Vincent's, P.C.; (iii) CMC Cardiology Services P.C.; (iv) CMC Physician Services P.C.; (v) CMC Radiological Services P.C. Final decrees were entered in the chapter 11 cases of these entities on February 27, 2013 at Docket No. 4322.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. The chapter 11 cases of Saint Vincents Catholic Medical Centers of New York d/b/a Saint Vincent Catholic Medical Centers, Case No. 05-14945—the Cases—are hereby closed; *provided*, *however*, that the Court shall retain jurisdiction as is provided for in Article X of the Plan (Retention of Jurisdiction).

3. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

4. To the extent not already paid, the fees required to be paid to the U.S. Trustee by Reorganized SVCMC pursuant to 28 U.S.C. § 1930 or otherwise shall be paid no later than fourteen (14) days after entry of this Final Decree.

5. Entry of this Final Decree is without prejudice to (a) the rights of Reorganized SVCMC or any party in interest to seek to reopen any of the Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of Reorganized SVCMC to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against Reorganized SVCMC in the Cases as contemplated by the Plan and the Confirmation Order. Notwithstanding anything to the contrary contained in the Plan, any failure of Reorganized SVCMC to file an objection to any claim in the Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against SVCMC or Reorganized SVCMC.

6. Since no distributions are to be made by Reorganized SVCMC, no final post-confirmation quarterly operating report shall be filed.

7. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against Reorganized SVCMC under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of Reorganized SVCMC or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement

to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of Reorganized SVCMC's estate; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of Reorganized SVCMC or any other parties in interest under the Bankruptcy Code or any other applicable law.  Any failure of Reorganized SVCMC to file an objection to any claim in the Cases on or prior to entry of this Final Decree shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed against SVCMC or Reorganized SVCMC.

8.    For the avoidance of doubt, entry of this Final Decree shall have no impact or effect on the SV2 Chapter 11 Cases.

9.    Reorganized SVCMC is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Final Decree.

**Dated: December 2, 2022**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge